Justin Samuels
Rua Professor Joao Prates, 9
2830-297 Barreiro
Portugal
+351 920 362 800
[nywriter55@outlook.com](nywriter55@outlook.com)
10/08/2023

Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania

Re: Motion to Add Evidence – OCR Investigation of Salem College

Dear Judge Diamond,

I hope this letter finds you well. I am writing to request the inclusion of additional evidence in the case at hand. The evidence pertains to an ongoing investigation by the Office for Civil Rights (OCR) regarding Salem College's admission and housing policies, which I believe are relevant to the matter before the court.

As part of the OCR investigation, Salem College's admission and housing policies have come under scrutiny. The college admits men to its graduate program but imposes restrictions on admitting men to its undergraduate program, discriminating based on age. Specifically, Salem College only admits undergraduate men who are at least 23 years old and denies them on-campus housing. Male graduate students are denied on campus housing as well but Salem College claimed to only offer housing to undergraduates, which is why OCRbis now investigating them for age discrimination.

It is my contention that Salem College's actions, which discriminate against men based on age and withhold on-campus housing, are in violation of Title IX of the Education Amendments of 1972, which prohibits sex discrimination in educational programs and activities receiving federal financial assistance. It is also my contention that Salem College has such absurd violations because tge US Department of Education gives certain private colleges tge right to discriminate based on sex. This is illegal under Title IX and unconstitutional under the equal protection clause.

I respectfully request that the court consider this evidence as it speaks to the broader issue of sex discrimination in educational institutions. This evidence demonstrates that despite an ongoing OCR investigation, Salem College has continued to enforce policies that may be considered illegal and unconstitutional.

I believe that the OCR's investigation into Salem College's policies underscores the importance of clarifying and upholding Title IX's mandate against sex discrimination in all educational programs and activities, regardless of the specific circumstances or reasons invoked. This includes undergraduate admissions.

I trust that the court will give due consideration to this evidence in its proceedings and that it will help shed light on the broader issue of sex discrimination within educational institutions.

Thank you for your attention to this matter, and I look forward to a just resolution.

Sincerely,

Justin Samuels