**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUSTIN SAMUELS | CIVIL ACTION |
| *Plaintiff,* | No. 2:23-cv-3743-PD |
| v. | (The Hon. Paul S. Diamond) |
| BRYN MAWR COLLEGE, | |
| *Defendant.* | |

**DEFENDANT BRYN MAWR COLLEGE'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Bryn Mawr College ("BMC") moves this Court to dismiss Plaintiff Justin Samuels' Complaint. The reasons supporting this Motion are set forth in BMC's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint.

WHEREFORE, BMC respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint.

Dated: November 10, 2023

Michael E. Baughman (PA 78690)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215.981.4000
Michael.Baughman@troutman.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUSTIN SAMUELS | CIVIL ACTION |
| *Plaintiff,* | |
| | No. 2:23-cv-3743-PD |
| v. | |
| | (The Hon. Paul S. Diamond) |
| BRYN MAWR COLLEGE, | |
| *Defendant.* | |

**[PROPOSED] ORDER**

 **AND NOW**, on this ____ day of _____, ____, after consideration of Defendant Bryn Mawr College's Motion to Dismiss, and any Response(s) thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** and that Plaintiff's Complaint is hereby dismissed.

 BY THE COURT:

_____
Paul S. Diamond
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUSTIN SAMUELS | CIVIL ACTION |
| *Plaintiff,* | |
| | No. 2:23-cv-3743-PD |
| v. | |
| | (The Hon. Paul S. Diamond) |
| BRYN MAWR COLLEGE, | |
| *Defendant.* | |

**DEFENDANT BRYN MAWR COLLEGE'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## **TABLE OF CONTENTS**

I.     INTRODUCTION ....................................................................................................1

II.    PLEADED FACTS AND PROCEDURAL HISTORY .........................................1

III.   ARGUMENT.........................................................................................................2

       A.    Plaintiff's Title IX claim should be dismissed because it does not apply to
             private undergraduate colleges' admission decisions. ...............................2

       B.    Plaintiff's Equal Protection claim should be dismissed because BMC is
             not a state actor. ........................................................................................3

IV.    CONCLUSION.....................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 678 (2009)................................................................................................1

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................1

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*,
    531 U.S. 288, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001).......................................3

*Comegys v. Valley Forge Mil. Acad. & Coll.*,
    No. CV 21-3848, 2022 WL 3229329 (E.D. Pa. Aug. 10, 2022)............................4

*Finkbeiner v. Geisinger Clinic*,
    No. 4:21-CV-01903, 2022 WL 3702004 (M.D. Pa. Aug. 26, 2022) .......................4

*Fischer v. Driscoll*,
    546 F. Supp. 861 (E.D. Pa. 1982) ........................................................................4

*Hennis v. Tedrow*,
    2011 WL 6780692 (W.D. Pa. Dec. 27, 2011)........................................................4

*Kach v. Hose*,
    589 F.3d 626 (3d Cir. 2009)...................................................................................4

*Leshko v. Servis*,
    423 F.3d 337 (3d Cir. 2005)...................................................................................4

*Naranjo v. Alverno Coll.*,
    487 F. Supp. 635 (E.D. Wis. 1980)........................................................................3

*Pinkney v. Meadville, Pennsylvania*,
    No. 1:19-CV-00167, 2021 WL 37664 (W.D. Pa. Jan. 5, 2021) ............................4

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
    600 U.S. 181, 143 S. Ct. 2141, 216 L. Ed. 2d 857 (2023)..................................4, 5

**Statutes**

20 U.S.C. § 1681(a) ...................................................................................................2

20 U.S.C. § 1681(a)(1)...............................................................................................3

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ................................................................................................1

Fed. R. Civ.P. 12(b)(6) ...............................................................................................1

U.S. Dep't of Justice, *Title IX Legal Manual* (2001),
    https://www.justice.gov/crt/title-ix ........................................................................3

## I.     INTRODUCTION

Defendant Bryn Mawr College ("BMC"), established as a women's liberal arts college in 1885, has maintained its women-only admissions policy at the undergraduate level for well over a century. Along with other women's colleges, BMC has played a significant role in the development of education of women to the highest standard of excellence to prepare them for lives of purpose. For that reason, single-sex institutions have been allowed to operate with a degree of independence in shaping their educational missions. Plaintiff's claim overlooks this long-standing history and legal precedent surrounding single-sex institutions and asks the Court to upend settled law by declaring single sex women's colleges to be illegal.  Specifically, Plaintiff asserts that single-sex admissions policies violate Title IX of the Education Amendments of 1972 and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff is wrong.  First, Title IX specifically exempts private undergraduate colleges' admissions decisions. Second, BMC — a private college — is a not a state actor so the Fourteenth Amendment Equal Protection clause claim fails. Because there is nothing unconstitutional or illegal about single-sex colleges, this Court should dismiss Plaintiff's claims against BMC with prejudice.

## II.     PLEADED FACTS[1] AND PROCEDURAL HISTORY

Plaintiff has never attended nor applied to BMC. ECF Doc. No. 2 at 17. Instead, Plaintiff reached out to BMC one time "out of curiosity" because he was "thinking about applying." *Id.*

---

[1] In deciding a Rule 12(b)(6) motion, the Court must accept the facts pleaded in the complaint as true, but it need not accept legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that "that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff contacted BMC's Office of Admissions on October 9, 2022 to ask whether individuals identifying as male are eligible to apply to BMC's undergraduate college. *Id.* The Office of Admissions told Plaintiff that eligible applicants include all individuals who have identified and continue to identify as women (including cisgender and trans women), intersex individuals who do not identify as male, individuals assigned female at birth who have not taken medical or legal steps to identify as male, and individuals assigned female at birth who do not identify within the gender binary. *Id.*

Because Plaintiff identifies as male, he says he filed a complaint with the Department of Education claiming that BMC's admissions policy discriminates against him based on sex. *Id.* at 4. According to Plaintiff, the Department of Education explained that BMC has an exemption that allows it to be a single sex college. *Id.* Nevertheless, Plaintiff filed a Complaint against BMC on September 25, 2023, arguing BMC's admissions policy discriminates against "men who wish to remain men" in violation of the Equal Protection Clause and Title IX. *Id.*

## III.   ARGUMENT

### A.   Plaintiff's Title IX claim should be dismissed because it does not apply to private undergraduate colleges' admission decisions.

Plaintiff challenges BMC's admissions policy arguing it violates Title IX prohibition against sex discrimination. But no provisions of Title IX prevent BMC from admitting only students that identify as women. In fact, Title IX specifically provides exceptions for both private and public single-sex colleges. Title IX, 20 U.S.C. § 1681(a), provides in part:

> "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or subjected to discrimination under any education program or activity receiving Federal financial assistance, except that:
>
> (1) in regard to admissions to educational institutions, this section shall apply *only* to institutions of vocational education, professional education, and

graduate higher education, and to public institutions of undergraduate higher education; . . ." (emphasis added)

Thus, by its express terms, 20 U.S.C. § 1681(a)(1) excludes admissions practices of private undergraduate colleges such as BMC from Title IX's prohibition. *See Naranjo v. Alverno Coll.*, 487 F. Supp. 635, 637 (E.D. Wis. 1980) (dismissing plaintiff's Title IX claim against a private women's college because Title IX's express terms make it clear that its proscription does not apply to admissions practices of private undergraduate institutions).

This interpretation of 20 U.S.C. § 1681(a)(1) is affirmed by the Office of Civil Rights' Title IX Legal Manual. The Manual provides that in "regard to single-sex admissions policies, Title IX's prohibitions against sex discrimination apply only to vocational, professional, graduate, and public undergraduate schools (except for those public institutions of undergraduate higher education that traditionally and continually from their establishment have had a policy of admitting only students of one sex). Title IX does not cover the single-sex admissions policies of elementary, secondary, (other than vocational schools), or private undergraduate schools." U.S. Dep't of Justice, *Title IX Legal Manual* (2001), https://www.justice.gov/crt/title-ix.

Thus, the text of Title IX makes clear that it was not intended to change the long-standing tradition of allowing single sex education for women in the United States.  BMC may admit to its undergraduate college only people who identify as women. Accordingly, Plaintiff's claim should be dismissed.

**B.      Plaintiff's Equal Protection claim should be dismissed because BMC is not a state actor.**

Plaintiff fails to state a claim under the Equal Protection Clause because he does not plead state action. An Equal Protection Clause claim is only viable where the challenged conduct constitutes state action. *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S.

288, 295, 121 S. Ct. 924, 930, 148 L. Ed. 2d 807 (2001); *Hennis v. Tedrow*, 2011 WL 6780692

(W.D. Pa. Dec. 27, 2011).

      BMC is a private college. The circumstances under which actions of a private college

may constitute state action are limited. *Pinkney v. Meadville, Pennsylvania*, No. 1:19-CV-00167,

2021 WL 37664, at *6 (W.D. Pa. Jan. 5, 2021). "Subjecting a private entity to constitutional

scrutiny requires that there be 'such a close nexus between the state and the challenged action

that seemingly private behavior may be treated as that of the state itself.'" *Finkbeiner v.

Geisinger Clinic*, No. 4:21-CV-01903, 2022 WL 3702004, at *5 (M.D. Pa. Aug. 26, 2022)

(quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)). None of Plaintiff's allegations suggest

that such nexus exists between the actions of BMC and the state. Moreover, "courts have

overwhelmingly held that private schools and colleges are not state actors, irrespective of

whether they receive government funding." *Comegys v. Valley Forge Mil. Acad. & Coll.*, No.

CV 21-3848, 2022 WL 3229329, at *5 (E.D. Pa. Aug. 10, 2022); *see also Leshko v. Servis*, 423

F.3d 337, 341 (3d Cir. 2005); *Fischer v. Driscoll*, 546 F. Supp. 861, 866 (E.D. Pa. 1982) (finding

that a small amount of state funds received by Villanova do not make the University's conduct

state action). Because Plaintiff's Complaint fails to plead, and cannot plead, that BMC is a state

actor, the Equal Protection fails. Plaintiff rests his hopes of avoiding dismissal on *Students for

Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 143 S. Ct. 2141,

216 L. Ed. 2d 857 (2023), arguing that case suggests that any preferential treatment in

admissions by a government-funded program violates the Equal Protection Clause. While

Plaintiff is correct that *Students for Fair Admissions* discussed admissions practices of private

colleges, it did so in the context of race-based admissions under Title VI. *Id.* at 197. Specifically,

the Court held that private university's consideration of students' race in admissions violated

Title VI because Title VI has historically been interpreted by the Court to require all institutions receiving federal financial assistance to comply with the requirements imposed by the Equal Protection Clause. *Id.* at 198. But the Court never held that Title IX should be read as co-extensive with the Fourteenth Amendment.  Nor could it, because unlike Title VI, the statutory text of Title IX makes clear that single-sex admissions practices of private undergraduate institutions are not within its scope.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's claims against BMC fail to meet the applicable pleading requirements and cannot be amended to do so. Accordingly, this Court should dismiss Plaintiff's claims against BMC with prejudice.

Dated: November 10, 2023

Michael E. Baughman (PA 78690)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215.981.4000
Michael.Baughman@troutman.com

## <u>CERTIFICATE OF SERVICE</u>

I, Michael E. Baughman, hereby certify that on November 10, 2023, a true and correct

copy of the foregoing was enclosed in a properly addressed prepaid mail on the following:

> Justin Samuels
> Rua Professor Joao Prates, 9
> 2830-297 Barreiro Portugal.

A copy of the foregoing was also transmitted to the above-mentioned individual via email at

nywriter55@outlook.com, which Justin Samuels consented to in writing.

<br>

_____
Michael E. Baughman