Justin Samuels
Rua 19, n•13
Parque Industrial da Quimigal-Barreiro
2830-138 Barreiro
Portugal
+351 920 362 800
nywriter55@outlook.com
11/11/2023

Paul S. Diamond
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106

Re: Samuels vs. Bryn Mawr College et al - Opposition to Motion to Dismiss

Case 2:23-cv-03743-PD

Dear Judge Paul S. Diamond,

I hope this memorandum finds you well. I, Justin Samuels , am writing as the plaintiff in the case of Samuels vs. Bryn Mawr College et al, which is currently before the Eastern District of Pennsylvania Federal Court. I am submitting this memorandum in opposition to Bryn Mawr College's motion to dismiss.

**Factual Background:**

The Department of Education-Office of Civil Rights (OCR) has inconsistently enforced Title IX at historically women's colleges, including Bryn Mawr College. In support of this opposition, I am providing a resolution letter from OCR in Case No. 02-23-2063, where OCR found that Barnard College's programs in the Athena Center and the Athena Film Festival, which were exclusive to women and non-binary students, constituted illegal sex discrimination. Subsequently, the programs were opened to individuals of all sexes. The Athena Center has undergraduate programs outside the purview of the undergraduate admissions office.

Bryn Mawr College, like Barnard, accepts federal funding in the form of financial aid. More importantly, both accept federal financial aid as does Harvard University. The legal precedent set in SFFA vs. Harvard and UNC, ruling the consideration of race in colleges receiving federal funds as unconstitutional under the Civil Rights Act of 1866, applies

equally to Bryn Mawr. It is established that institutions cannot take federal financial aid and engage in discriminatory practices against US citizens.

**Title IX Exemption and Constitutional Implications:**

Bryn Mawr College invokes a Title IX exemption, arguing that it has the right to maintain its historical status as a women's college. However, this exemption is taken out of context and is unconstitutional. Today, women's colleges are more accurately described as LGBTQIA colleges, and the college administrators' attempt to determine an individual's gender identity raises significant constitutional concerns. Essentially academia has created a pyramid with straight white men at the bottom and some sort of transgender of color at the top. Colleges such as Bryn Mawr illegally and unconstitutionally discriminate against straight and masculine gay men.

Bryn Mawr's admission policies, as per their communication to me, require applicants to identify as women. This discriminatory practice raises questions about what criteria determine femininity and if such criteria are justifiable. The college's acceptance of male-to-female transgender individuals adds further complexity, raising questions about the extent of transition or behavioral expectations. It is also ill defined. Do the male transgenders accepted as "women" by Bryn Mawr College have to medically transition? If so that is requiring them to undergo dangerous and permanently life altering procedures. Or do they have to dress and act a certain way, which can get into stereotyping. Or does any man just have to say he is a woman? Effectively, the college administrators have taken it on themselves to determine what is a "woman". This isn't permitted in any application process anywhere else in society. This situation highlights the need for consistent enforcement of Title IX, ensuring equal treatment for all. Sex discrimination must be ended everywhere. Bryn Mawr and it's sisters have just created new categories of discrimination against what I will call gender conforming men.

**Bostock vs. Clayton County and Implications for LGBTQIA Rights:**

The recent Supreme Court ruling in Bostock vs. Clayton County declared sexual orientation and gender identity discrimination unconstitutional. This landmark decision has far-reaching implications for federal departments and institutions receiving federal funds. The US Department of Education, in particular, has adopted this ruling to combat discrimination against LGBTQIA individuals, a group previously not explicitly protected by federal statutes.

Since Bosock vs. Clayton County is now a cornerstone in anti-discrimination efforts, federally funded colleges, including Bryn Mawr, are obligated to safeguard individuals of

all sexual orientations and gender identities. This includes protecting straight men and masculine gay men from any form of discrimination.

**Conclusion:**

This opposition seeks to emphasize the constitutional implications of Bryn Mawr College's practices, urging the court to reject their motion to dismiss. Title IX should be universally enforced without double standards, ensuring fair treatment for all individuals. The case at hand holds broader implications for the protection of civil rights in federally funded educational institutions.

Thank you for your attention to this matter, and I am available for any clarification or additional information.

Sincerely,

Justin Samuels