IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN SAMUELS,<br><br>    Plaintiff,<br><br>v.<br><br>BRYN MAWR COLLEGE, *et al.*,<br><br>    Defendants. | Civil Action No. 23-CV-3743<br><br>Hon. Paul S. Diamond |

**RESPONSE TO JUSTIN SAMUELS' MOTION FOR JUDGMENT**

On December 25, 2023, Plaintiff Justin Samuels submitted yet another Motion to the Court — this time seeking "Judgment" against the U.S. Department of Education. To the extent Plaintiff's Motion for Judgment is directed only to the Department of Education, it does not require a response from Bryn Mawr College ("BMC").

To the extent a response is required from BMC, BMC asserts that the Motion should be denied. First, Plaintiff's Motion is premature. Plaintiff filed his Complaint against BMC and the Department of Education on September 25, 2023. On November 10, 2023, BMC filed a Motion to Dismiss the Complaint, which is still pending. On December 25, 2023, before this Court had a chance to decide on BMC's Motion to Dismiss and before the Department of Education has even responded to the Complaint, Plaintiff filed a Motion for Judgment against the

1

Department of Education. At this stage, Plaintiff's Motion for Judgment is procedurally improper and should be denied.

Second, Plaintiff's arguments fail on the merits for the reasons set forth in BMC's pending Motion to Dismiss, ECF No. 21. As set forth in more detail there, 20 U.S.C. § 1681 (a)(1) excludes admissions practices of private undergraduate colleges such as BMC from Title IX's prohibition. Plaintiff's Title IX claim ends there.[1] Accordingly, this Court should deny Plaintiff's Motion for Judgment.

Dated: January 5, 2024

/s/ Michael E. Baughman
Michael E. Baughman (PA 78690)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215.981.4000
Michael.Baughman@troutman.com

---

[1] Plaintiff's Motion for Judgment ignores Section 1681(a)(1)'s clear terms and focuses instead on Section 1681 (a)(2) which exempts certain educational institutions commencing planned change in admissions. Because BMC is exempt from Title IX's requirements under Section 1681(a)(1), Section 1681(a)(2) is inapplicable and irrelevant here.

# CERTIFICATE OF SERVICE

I, Michael E. Baughman, hereby certify that on January 5, 2024, a true and correct copy of the foregoing was enclosed in a properly addressed prepaid mail on the following:

Justin Samuels
Rua 19, N13, Parque Industrial da Quimigal-Barreiro
2830-138 Barreiro Portugal

A copy of the foregoing was also transmitted to the above-mentioned individual via email at nywriter55@outlook.com, which Justin Samuels consented to in writing.

/s/ Michael E. Baughman