DLD-178                                                                       NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1566
_____

JUSTIN SAMUELS,
                                   Appellant

v.

BRYN MAWR COLLEGE; UNITED STATES DEPARTMENT OF EDUCATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-03743)
District Judge: Honorable Paul S. Diamond
_____

Submitted on Appellees' Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 5, 2024
Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed: September 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Justin Samuels filed his initial complaint in the U.S. District Court for the Eastern District of Pennsylvania against Bryn Mawr College ("Bryn Mawr") and the U.S. Department of Education. Samuels "emailed Bryn Mawr College to ask if [he], a gay man could attend. Basically, they said no." He claimed that Bryn Mawr's policy to "continue to reject men who wish to remain men" is unconstitutional under the Equal Protection Clause of the U.S. Constitution. The Defendants separately filed motions to dismiss. On February 28, 2024, the District Court: (1) determined that "Samuels lack[ed] standing because his claims against Bryn Mawr and the Department of Education [were] untethered to a concrete case or controversy and, therefore, the Court ha[d] no basis for jurisdiction over his claims"; (2) granted the Department of Education's motion to dismiss; (3) dismissed the complaint without prejudice; (4) granted Samuels leave to file an amended complaint; and (5) warned him that failure to do so would result in the dismissal of his claims with prejudice.

Samuels filed two letters that were docketed as amended complaints. The District Court disregarded those documents after noting that they failed to satisfy Rules 8 and 10 of the Federal Rules of Civil Procedure and did not cure the standing defects discussed in the District Court's February order. The District Court ordered Samuels to comply with said order and the Federal Rules of Civil Procedure, and again warned him that failure to do so would result in dismissal with prejudice.

2

Samuels subsequently filed a motion to commence lawsuit, which the District Court denied after again telling Samuels that if he wished to proceed, he needed to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure. Samuels then filed a second motion to commence lawsuit. The District Court denied the motion, and sua sponte dismissed with prejudice Samuels' case for failure to comply with a court order. Samuels timely filed the instant notice of appeal. Bryn Mawr and the Department of Education filed separate motions to summarily affirm.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a dismissal for lack of jurisdiction with respect to standing. See Goode v. City of Phila., 539 F.3d 311, 316 (3d Cir. 2008). We may summarily affirm a district court's judgment if the appellant fails to present a substantial question. See 3d Cir. L.A.R. 27. 4 and I.O.P. 10.6. We may affirm on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

To have standing under Article III of the U.S. Constitution, a plaintiff must show that (1) he has suffered some actual or threatened injury, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury could be redressed by a favorable decision. Stehney v. Perry, 101 F.3d 925, 930 (3d Cir. 1996). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).

3

Despite repeated warnings from the District Court, as discussed above, Samuels failed to file an amended complaint that rectified the standing defects existent in his initial complaint. Samuels did not show that he personally suffered an actual or threatened injury, and his complaint reflects an attempt to litigate a generalized grievance, not one for which he has a sufficiently personal stake, a sentiment repeated in his second motion to commence lawsuit where he urges "judicial intervention to rectify systemic discrimination and ensure equitable treatment for all individuals within the educational sphere." Similarly, Samuels attempted to establish standing as a taxpayer, in that he argued that the Department of Education "not only undermines the integrity of Title IX but also imposes undue burdens on taxpayers like [Samuels], who are compelled to fund programs that do not recognize or protect [their] rights," and requested "that the court order the US Department of Education to stop discrimination against straight and gay male taxpayers." However, the Supreme Court has flatly rejected this argument, holding that a federal taxpayer's interests "in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing." Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 599 (2007).

Consequently, Samuels lacked standing, and dismissal of his complaint was warranted. We therefore conclude that Samuels does not present a substantial question and grant the separate motions to summarily affirm filed by Bryn Mawr and the

4

Department of Education.  Accordingly, we will summarily affirm the judgment of the District Court.[1]  We deny Samuels' petition seeking an injunction against the Department of Education.

---

[1] The District Court initially dismissed without prejudice Samuels' claims due to lack of jurisdiction vis-à-vis standing, and granted him leave to file an amended complaint. After Samuels refused to do so, the District Court dismissed his case with prejudice due to his failure to comply with a court order.  Because a dismissal for lack of jurisdiction is necessarily a dismissal without prejudice, see Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610 (3d Cir. 2020), the District Court's judgment is modified to reflect that the dismissal is without prejudice, notwithstanding its subsequent dismissal with prejudice.